Upon review of all of the competent evidence of record with reference to the errors assigned, and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the award, except for minor modifications, the Full Commission AFFIRMS and ADOPTS the Opinion and Award of the Deputy Commissioner as follows:
 ***********
The Full Commission finds as fact and concludes as matters of law the following which were entered into by the parties in a Pre-Trial Agreement and at the hearing before the Deputy Commissioner as:
 STIPULATIONS
1. On the date of plaintiff's alleged injury, the parties were subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. On that date, an employment relationship existed between plaintiff and defendant-employer.
3. Lumbermen's Mutual Casualty Company was the workers' compensation insurance carrier on the risk.
4. A set of plaintiff's medical records, marked as Exhibit A, is admitted into evidence.
5. An Industrial Commission Form 18, Notice of Accident to Employer indicating 12 August 1996 as plaintiff's date of injury, marked as Exhibit B, is admitted into evidence.
6. An Industrial Commission Form 18, Notice of Accident to Employer indicating 11 July 1996 as plaintiff's date of injury, marked as Exhibit C, is admitted into evidence.
 EVIDENTIARY RULINGS
1. Plaintiff's responses to defendant's interrogatories and requests for production of medical records and plaintiff's recorded statement were received from defendants' counsel on 10 October 1997. No objection to the admission of these documents has been received and the same are hereby ADMITTED into evidence.
2. The objections appearing in the deposition of David Scott are SUSTAINED. The objections appearing in the deposition of Dr. Tomaszek are OVERRULED.
 ***********
Based upon all of the competent evidence from the record herein, the Full Commission adopts the findings of fact by the Deputy Commissioner with minor modifications as follows
 FINDINGS OF FACT
1. Plaintiff began working as a "plate shop operator" and "spot welder" for defendant-employer in 1991. Plaintiff's work as a spot welder could be performed while standing or while sitting on a stool. In either position, spot welders were required to lean or bend forward to perform their work.
2. While performing his usual duties for defendant-employer on 15 July 1996, plaintiff complained to Mr. Scott that his back was aching and that he would like to be provided with a stool to use while working at the spot welders' bench. Mr. Scott provided plaintiff with a stool that did not have a back. Plaintiff then requested a stool with a back. Mr. Scott complied with this request.
3. Due to his back pain, plaintiff presented to Dr. Hayes on 16 July 1996. On that date, Dr. Hayes diagnosed plaintiff as having a lumbar sprain. Dr. Hayes' medical records or notes from plaintiff's examination on 16 July 1996, if any were generated, were not offered or admitted into evidence.
4. On 17 July 1996, plaintiff presented to Dr. Clarke. Plaintiff reported to Dr. Clarke that he worked as a spot welder and that he was experiencing back pain. Plaintiff further reported that he had experienced back pain when he had performed that job in the past. Dr. Clarke recommended that plaintiff adjust his workstation so that he was bending less. Dr. Clarke treated plaintiff conservatively.
5. On 29 July 1996, plaintiff gave a recorded statement to defendants during which he was asked to describe how his injury occurred. Plaintiff stated that he was working at the spot welding table, sitting in a chair that had no back. He stated that the work involved repetitious bending, pulling and twisting. He stated that his body was steadily moving. He stated, "And as I had stated from the repetitious bending and pulling without relief from the job you know that I was doing and it set up of a job is a very terrible." Plaintiff was asked if he could relate his injury to a specific traumatic incident at work or whether the pain just started gradually. Plaintiff responded that the pain started gradually and kept intensifying until he could not return to work.
6. On 12 August 1996, defendants prepared an Industrial Commission Form 61, denying plaintiff's claim on the ground that plaintiff's "pain came on gradually while working" and not as a result of a specific traumatic incident.
7. Plaintiff returned to work for defendant-employer on 12 August 1996. Plaintiff was restricted to light duty. Defendant-employer assigned plaintiff to work placing gaskets on plates. Plaintiff testified that when he turned and reached up to grab a plate he felt a pop in his back. Plaintiff left work and presented to Dr. Clarke. Plaintiff reported to Dr. Clarke that he was "putting some gaskets in" and "when he reached up he felt a pop in his back . . . [.]" Dr. Clarke excused plaintiff from work and continued to treat him conservatively through 19 September 1996 when he referred plaintiff to Dr. Rockwell. Dr. Clarke informed Dr. Rockwell that plaintiff had apparently injured his back "with some repetitive lifting".
8. Plaintiff presented to Dr. Rockwell on 1 October 1996. Plaintiff informed Dr. Rockwell that he worked for defendant-employer as a spot welder which involved bending and twisting. He further stated that he began to have significant discomfort on 15 July 1996 such that while he was sitting in a chair and bent forward he had severe pain after feeling something pop in his back. Dr. Rockwell treated plaintiff conservatively until plaintiff began receiving treatments from Dr. Tomaszek. Plaintiff presented to Dr. Tomaszek upon referral by a friend.
9. Plaintiff had degenerative disc disease and a subligamentous or positional bulging disc at L5-S1. Plaintiff did not have an extruded disc fragment. Dr. Tomaszek initially treated plaintiff conservatively. However, on 20 February 1997, Dr. Tomaszek performed surgery during which he decompressed and fused plaintiff's L5-S1 segment. It was not necessary for Dr. Tomaszek to remove the L5-S1 disc.
10. Ordinarily, disc conditions like plaintiff's occur suddenly with pinpoint onset of back and leg pain and the injured person is able to identify the maneuver precipitating the pain and the hour the incident occurred. Disc conditions like plaintiff's may also occur gradually over time.
11. Plaintiff's subligamentous disc bulge was not caused by the incident on 12 August 1996. Dr. Tomaszek testified that plaintiff's back condition was caused by the incident plaintiff described to him as occurring 15 July 1996 when he bent, reached forward and suddenly developed back pain. In rendering this opinion, Dr. Tomaszek assumed that plaintiff's symptoms began suddenly after plaintiff bent forward and reached while working as a spot welder.
12. Plaintiff experienced back pain while working for defendant as a plate operator and spot welder prior to 15 July 1996. Plaintiff's back pain began gradually, increasing over time until he was unable to continue working. Plaintiff's back pain resulted from the constant body movement that his work required, including repetitive bending, pulling and twisting. Plaintiff's pain was not initiated by any particular incident. Plaintiff's testimony to the contrary, that on 15 July 1996 he was welding parts onto plates, reached to pull a plate and suddenly felt a pain in his back, is not accepted as credible.
13. Since plaintiff's testimony was not credible, the evidence of record is insufficient to prove by its greater weight that plaintiff's back condition was caused by or significantly aggravated a specific incident or an unusual or unexpected event occurring during his employment with defendant-employer.
14. There is no evidence of record that plaintiff's employment with defendant-employer placed him at an increased risk of developing a subligamentous disc protrusion as compared to members of the general public not so employed.
 ***********
Based on the foregoing stipulations and findings of fact, the Full Commission makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff did not sustain an injury by accident arising out of and in the course of his employment with defendant-employer. G.S. § 97-2(6).
2. Plaintiff's back condition was not due to causes or conditions that were peculiar to or characteristic of his employment with defendant-employer and therefore, was not an occupational disease. G.S. § 97-53(13).
3. Plaintiff is entitled to no compensation under the North Carolina Workers' Compensation Act.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 ORDER
1. Under the law, plaintiff's claim must be, and the same is hereby, DENIED.
2. Each party shall bear its own costs.
This the ___ day of November 1998.
 S/ _______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
S/ _____________________ J. HOWARD BUNN JR. CHAIRMAN
S/ _____________________ THOMAS J. BOLCH COMMISSIONER